## Richmond.

.J. EARL GOODWIN, CONTESTANT, v. F. E. SNIDOW,
CONTESTEE,

*and*

BAYARD H. TAYLOR, CONTESTANT, v. W. W. WALKER,
CONTESTEE.

March 22, 1928.

Absent, Burks, J.

ELECTIONS—*Absent Voter's Act—Constitutionality.*—The absent voter's
law is not invalid because violative of the Constitution of 1902.

Error to a judgment of the Circuit Court of Giles
county, in a contested election case. Judgment for con-
testees. Contestant assigns error.

*Affirmed.*

*T. X. Parsons* and *Henry W. Anderson*, for the plain-
tiff in error.

*W. B. Snidow, Jno. S. Draper*, and *Williams & Far-
rier*, for the defendant in error.

PER CURIAM:

These cases, which present similar questions, were
heard here together.

At the election in Giles county, on November 8, 1927,
.J. Earl Goodwin was a candidate for the office of clerk,
and Bayard H. Taylor a candidate for the office of
treasurer. Certificates of election having been awarded

to their competitors, F. E. Snidow and W. W. Walker, the election was contested by complaints filed by a sufficient number of qualified voters (Code, section 267).

The gravamen of each complaint is that certain votes, which were cast under the statute commonly known as the absent voters law (Va. Code, Anno., 1924, sections 203-218, inclusive, but section 205 was amended by Acts 1926, page 463), were counted and that they are illegal.

To these complaints the contestees interposed demurrers. The trial court sustained these demurrers and dismissed the complaints. The plaintiffs in error thereupon applied for writs of error, which were allowed.

There are some questions raised by the defendants, contestees, as to the procedure in this court, which we think it unnecessary to state, discuss or decide. The decisive question presented, relied on and argued in each of these cases by the contestants is the contention that the absent voters law is invalid, because violative of the Virginia Constitution—specifically, sections 18, 21 and 27. We have this day decided that question adversely to this contention in the case of *J. L. Q. Moore and others* v. *Joe W. Pullem and others, post,* page 174, 142 S. E. 415. The reasons for this conclusion, which we deem sufficient, are stated in the opinion in that case. It is therefore unnecessary to repeat them here.

*Affirmed.*